Livingston, J.
In dissenting from the Court in its judgment on the issue of law arising out of the third joint plea, I can only say, that I am hot prepared to admit that every alteration whatever hi a deed, after its execution, lor such, is the extent of the opinion just given, may be proved by parol testimony. After perfecting a deed in one form, ho material alteration Should be set up unaccompanied by a new delivery, and a note or memorandum thereof; otherwise, a bond, which is proved by a subscribing witness to have been actually given for only one hundred dollars, may be converted into one for. as many thousand, if the obligee can only produce a witness who wilbsay that he understood the oh; ligor as assenting to it. The only case which 1 hávé been able to find of those cited, such is the difficulty of procuring books in this place, is the one. in-Levina, p. 11, 33, which establishes that after the delivery of a hond, a new obligor may he added in this way ; not that the name of one may be struck out, and another substituted in his place.. Without denying the authority of the-case* my. answer- to it is, that such addition might he of benefit, but could not injure the first set of obligors ; and therefore the Court might feel less difficulty if» admitting such.Tact tobe proved. It is?therefore, :«q interference with this decision, to say, thatnq change whatever in a sealed instrument, after its execution, which may increase the liability or be, in. any way, to the prejudice of the party whose deed it.is, ("and such *39 is tlie case here) should be palmed on him by parol téstimony ; -and so, vice versa, that no alteration which may he, in any way, injurious to the grantee or obligee, should he set up by the other party; but that the terms in which the deed is originally Executed should alone binding, until alterations are introduced into it by the same solemnities which gave existence to the first. Such, in my opinion, is the salutary rule of the common Jaw; and therefore I think that the judgment of the Circuit Court ought to be reversed.
Marshals, Ch. J.
Was rather inclined to think that the plea was. good, which stated that the bond was given' for more than double the value of the vessel and cargo. If the bond was given for more'than double that value lie thought'it was void in law;
He should not however have intimated his opinion On this point if a dissenting opinion Sad not been given on another point in the cause, and his silence might have been construed into an assent to the entire opinion, of .the Court as it had been delivered.